**Jose Luis Mauricio CANO–PEREZ, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

**No. 03–73533.**

United States Court of Appeals, Ninth Circuit.

Submitted May 24, 2005.\*\*

Decided May 26, 2005.

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**410**

Jose Luis Mauricio Cano-Perez, Pomona, CA, pro se.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

MEMORANDUM ***

Jose Luis Mauricio Cano–Perez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of a motion to reopen his removal proceedings. We have partial jurisdiction pursuant to 8 U.S.C. § 1252, and review the denial of a motion to reopen for abuse of discretion. *See Singh v. INS*, 213 F.3d 1050, 1052 (9th Cir.2000). We dismiss the petition for review in part and deny it in part.

▪ We lack jurisdiction to review the BIA's decision on Cano–Perez's first motion to reopen, as he did not petition for review of that order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir. 1996).

▪ Cano–Perez also alleges that his prior counsel was ineffective, but he has not exhausted his administrative remedies with respect to this claim. We therefore lack jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (holding that exhaustion is mandatory and jurisdictional).

▪ The BIA did not abuse its discretion in concluding that Cano–Perez's second motion to reopen was barred by the numerical limitation contained in 8 C.F.R. § 1003.2(c)(2). As Cano–Perez was no longer in "removal proceedings before the Immigration Court or the Board of Immigration Appeals" at the time he filed the second motion to reopen, and had no pending motions, he did not qualify for administrative closure pursuant to 8 C.F.R. § 245a.12(b)(1).

As represented by the government, pursuant to 8 C.F.R. § 245a.13(f) "the execution of Mr. Cano–Perez's removal order is

stayed pending a final decision on his [adjustment of status] application."

PETITION FOR REVIEW DISMISSED in part; DENIED in part.